**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KWAME AGYEKUM, *a/k/a*, AYO OLADIPO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-3187 |
| AMERICAN PLANT FOOD CORP., | § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

In this employment discrimination suit, Kwame Agyekum a/k/a Ayo Oladipo ("Agyekum") sued his former employer, American Plant Food Corp. ("APF"), alleging national-origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Agyekum, who is African-American and from Nigeria, filed this suit after he was fired from his job as a supervisor in APF's compactor department. Agyekum alleged that he was denied pay raises and benefits and was terminated by APF because of his national origin. APF has moved for summary judgment. (Docket Entry No. 13). Agyekum, who is proceeding *pro se*, responded, (Docket Entry No. 15), and APF replied, (Docket Entry No. 17).

This court has carefully reviewed the pleadings, the motion and Agyekum's response, the record, and the applicable law, with the liberal approach due *pro se* submissions. Based on this review, this court concludes that as a matter of law, the undisputed facts entitle APF to judgment as a matter of law. APF's motion for summary judgment is granted and final

judgment is entered by separate order.  The reasons are explained in detail below.

## I.    Background

APF produces various types of fertilizers.  In 1995, APF hired Agyekum as a maintenance worker.  Agyekum was promoted to an operator position in October 1995.  In 2001, APF created two supervisor positions for its Maintenance and Compactor Department. Agyekum was promoted to be supervisor over the compactor department.  The compactor department processes and compacts ammonium sulfate into specified sizes depending on a customer's needs.  Kenny McDaniel, who is Caucasian, was promoted to be supervisor over the maintenance department.  In his complaint, Agyekum alleged that he was denied a pay raise in 2006.  At the time of his job termination in January 2007, Agyekum's salary was higher than McDaniel's.  (Docket Entry No. 13, Ex. 8, Affidavit of John Suddarth).

In late 2006, John Suddarth, Executive Vice President of APF, placed Agyekum in charge of a special customer order that required producing a nonstandard particle size of fertilizer.  (*Id.*).  The customer required the fertilizer to be free of powder, dust, or other contaminants.  APF expected $3,000,000.00 in revenue from this special order.  (*Id.*).  The initial samples of fertilizer produced for this order met the customer's specifications.  After 900 tons of fertilizer had been produced, however, APF discovered that the batch was contaminated with powder.  APF claims that Agyekum failed properly to supervise the production and allowed large amounts of powder to be dumped on top of the fertilizer. (Docket Entry No. 13, Ex. 8, Affidavit of John Suddarth).  Agyekum testified in his deposition that his attempts to supervise the production of this batch of fertilizer were

2

unsuccessful.  (Docket Entry No. 13, Ex. 4A, Deposition of Kwame Agyekum, at 131:19–132:18).  The customer rejected the specialized fertilizer.  APF asserts that it lost a $3,000,000.00 sale and that its relationship with the customer was irreparably damaged.

On January 31, 2007, Suddarth, Jerry Newcomb, APF's Vice President of Operations, and John Roeder, Agyekum's supervisor, notified Agyekum that APF was terminating his employment.  Newcomb explained to Agyekum that as a result of his mistake, the customer rejected the specialized fertilizer order, which cost the company $3 million.  Agyekum testified in his deposition that "[i]f you make a company lose $3 million, you don't belong there, which is obvious to anybody."  (*Id.*, at 90:12–14).

Agyekum acknowledged in his deposition that no one at APF ever made derogatory remarks based on his race or national origin.  (*Id.*, at 140:6–141:7).  Agyekum testified that aside from his belief that Jerry Newcomb, APF's Vice President of Operations, did not like him, he has no basis to say that he was terminated based on his national origin.  (*Id.*, at 142:3–8).  APF asserts that Agyekum's position, supervisor of the compactor department, was not filled after he was fired and that most of Agyekum's responsibilities were assumed by John Roeder, his immediate supervisor.  (*Id.*).

On March 14, 2007, Agyekum filed a discrimination claim with the Texas Workforce Commission for Civil Rights Division (TWCCRA) and the Equal Employment Opportunity Commission (EEOC).  On June 30, 2008, the TWCCRA stated that it did not find a violation of the Texas Labor Code.  The EEOC adopted the findings of the TWCCRA and issued Agyekum a right to sue letter on July 31, 2008.  Agyekum filed this suit on October 27, 2008.

3

APF's motion for summary judgment followed discovery.

## II.      The Legal Standard for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact."  *Triple Tee Golf*, *Inc. v.  Nike*, *Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.  The

nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir.  2007).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"  *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## III.    Analysis

In the complaint, Agyekum alleged that APF denied him pay raises and terminated his employment because of his national origin.  Agyekum also alleged that he was denied benefits when he was not invited to join APF employees on hunting and fishing trips.  APF argues that Agyekum has failed to make a *prima facie* showing of national origin discrimination as to pay raises or benefits or as to his job termination.  APF does not dispute that Agyekum alleges an adverse employment action in the denial of pay raises and job termination.  APF does dispute that the other actions Agyekum alleges as discriminatory –such as not being invited on hunting and fishing trips– are actionable because they are not "adverse employment actions."  *See Pegram v. Honeywell*, *Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) ("[A]n adverse employment action consists of ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating" (citations and quotations omitted)).  In the Fifth Circuit, plaintiffs must establish an adverse ultimate employment decision to prevail on their discrimination claims.  *Pryor v. Wolfe*, 196 F. App'x. 260, 262-63

(5th Cir.2006) (holding that the "materially adverse" standard from *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2409, 165 L.Ed.2d 345 (2006), only applies to Title VII retaliation claims, and plaintiffs must still establish an adverse "ultimate employment decision" to prevail on their Title VII discrimination claims).   In the Fifth Circuit, only "ultimate employment decisions" such as "hiring, granting leave, discharging, promoting, and compensation" are actionable "adverse employment actions" for purposes of Title VII discrimination claims.   *Id.*   The "ultimate employment decisions" that Agyekum has alleged are his job termination and the denial of pay raises. Even if not actionable, however, the other events Agyekum asserts as discrimination are analyzed to determine whether they evidence discrimination in the termination and pay raise decisions.

Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ."   42 U.S.C. § 2000e-2(a). Intentional discrimination can be proven by either direct or circumstantial evidence.   *Burrell v. Dr. Pepper/Seven Up Bottling Group*, *Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).   Evidence is "direct" if it would prove the fact in question without inference or presumption.   *Jones v. Robinson Property Group*, *L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citations omitted).   If no direct evidence exists, the court uses the familiar burden-shifting framework created by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas,* a plaintiff alleging discrimination must first make a *prima facie* showing that: (1) she is a member of a protected class; (2) she was

6

qualified for the position; (3) she was subject to an adverse employment action; and (4) others similarly situated were treated more favorably. *See id.*; *Strong v. Univ. Healthcare System, L.L.C.*, 482 F.3d 802, 805–06 (5th Cir. 2007). If the plaintiff makes the *prima facie* showing, the burden shifts to the defendant to articulate some legitimate nondiscriminatory reason for the challenged action. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. If the defendant meets this burden, the plaintiff must then create a genuine issue of material fact that: (1) the defendant's reason is not true, but is instead a pretext for discrimination; or (2) the defendant's reason, while true, is only one of the reasons for its conduct and that discrimination was a motivating factor in the defendant's decision. *See Burrell*, 482 F.3d at 411–12 (citations omitted). The plaintiff can meet this burden "by producing circumstantial evidence sufficient to create a fact issue as to whether the employer's nondiscriminatory reasons are merely pretext for discrimination." *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 356 (5th Cir. 2005). The United States Supreme Court, in *Reeves v. Sanderson Plumbing Prods.,* stated that "the trier of fact may still consider the evidence establishing the plaintiff's prima facie case 'and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual." 530 U.S. 133, 143 (2000). A plaintiff may show pretext by demonstrating that the proffered reasons for the challenged employment action are false or "unworthy of credence." *Nasti v. CIBA Speciality Chemicals Corp.*, 492 F.3d 589, 593 (5th Cir. 2007) (citations omitted). If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the *prima facie* case, will usually be sufficient to survive summary judgment. *Reeves*, 530 U.S. at 146-48.

In a mixed-motive case, if the plaintiff shows that the illegal discrimination was a motivating factor, the defendant must respond with evidence that the same employment decision would have been made regardless of discriminatory animus. *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004). The plaintiff has the ultimate burden of showing a genuine issue of material fact on whether the defendant discriminated on the basis of the plaintiff's membership in the protected class. *Reeves*, 530 U.S. at 143.

It is undisputed that Agyekum is a member of a protected class and that he suffered adverse employment actions. Agyekum, however, has not presented or identified evidence in the summary judgment record that similarly situated, non-Nigerian APF supervisors were treated differently. In fact, Agyekum testified that he was not aware of any APF employees whose job termination was improper. He cited several instances of APF employees who were terminated for misconduct or deficient job performance. (Docket Entry No. 13, Ex. 4A, Deposition of Kwame Agyekum, at 143:7–148:16). Similarly, Agyekum has not identified or presented evidence that he was denied a pay raise while similarly situated, non-Nigerian supervisors received raises. There is no evidence in the record about any pay raises received by other APF supervisors. Agyekum "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted); *see also Smith v. Potter*, No. H-06-3278, 2008 WL 154462, at *5 (S.D. Tex. Jan. 15, 2008) (granting summary judgment on Title VII and ADEA claims because plaintiff's conclusory allegation that similarly situated employees existed was not supported by any evidence in the record);

*Jackson v. Dallas County Juvenile Probation Dep't*, No. 3:06-CV-264-M, 2007 WL 2187250, at *7 (N.D. Tex. July 30, 2007) (granting summary judgment on Title VII claim where plaintiff failed to present evidence of similarly situated employees outside the protected class who were treated more favorably and only offered conclusory allegations of disparate treatment).

Even assuming that Agyekum could establish a *prima facie* case of discrimination based on his job termination or the denial of pay raises, APF has offered a legitimate nondiscriminatory reason for its decisions and Agyekum has not raised a fact issue material to determining pretext or discrimination.  There is no evidence in the record that Agyekum was denied pay raises that other supervisors received.   APF terminated Agyekum's employment because he failed to perform his job duties properly and cost APF a major customer and $3 million.  In response to APF's summary judgment motion, Agyekum did not offer or point to evidence in the record showing a genuine issue of material fact as to whether the stated reason for the termination was a pretext for national-origin discrimination. The record does not raise a fact issue as to pretext or as to discriminatory motive.  APF's motion for summary judgment is granted.

9

**IV.    Conclusion**

The motion for summary judgment is granted.  Final judgment is entered by separate

order.

SIGNED on July 8, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge